**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael A. Hernandez, | CIV-09-566-PHX-GMS (MHB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

Plaintiff Michael A. Hernandez, who is confined in the Maricopa County Lower Buckeye Jail, in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1). The Court screened the Complaint in an Order filed on April 14, 2009. (Doc. #4.) In the screening Order, the Court ordered Plaintiff to complete and return the service packet to the Clerk of the Court within 20 days, after which the U.S. Marshal Service would notify the Defendant and effect service. (Doc. #4.) Additionally, Plaintiff was warned that if he failed to timely comply with the provisions set forth in the screening Order, the action would be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Doc. #4.)

The deadline for returning the completed service packet passed, and Plaintiff neither returned the completed service packet to the Court nor otherwise effected service on Defendant. Accordingly, the Court ordered Plaintiff to show cause on or before June 17, 2009, why this matter should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with the Court's Order. (Doc. #6.) Plaintiff has not

responded to the order to show cause or communicated with the Court. The Court, therefore, will determine whether dismissal is appropriate.

Plaintiff has the general duty to prosecute this case. See Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978). Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. See id. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to respond to Court orders prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The Court has already ordered Plaintiff to show cause why this matter should not be dismissed. Plaintiff has not responded.

1    The Court finds that only one less drastic sanction is realistically available. Rule
2 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the
3 merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case,
4 the Court finds that a dismissal with prejudice would be unnecessarily harsh. The amended
5 complaint and this action will therefore be dismissed without prejudice pursuant to Rule
6 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that pursuant to Rule 41(b) of the Federal Rules of Civil Procedure this action is dismissed without prejudice and the Clerk of the Court shall enter judgment accordingly.

DATED this 22nd day of June, 2009.

_____
G. Murray Snow
United States District Judge